UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANTHONY CONTE,

                    Plaintiff,

       -against-

TAPPS SUPERMARKET, INC., *et al.*,

                Defendants.

-------------------------------------------------------------X

                          **ORDER**
                    22-cv-03109 (DG) (JMW)

**WICKS**, Magistrate Judge:

    *Pro se* Plaintiff Anthony Conte has requested, both informally in letters (DE 46) and in formal motions (DE 72) that the undersigned either recuse himself or instead that the Hon. Diane Gujarati issue an order recusing or disqualifying the undersigned.[1]

    For the reasons that follow, Plaintiff's application to the undersigned to recuse himself is denied.[2]

## I.    DISCUSSION

    Plaintiff disagrees with the undersigned's discovery-related rulings, particularly, the Stay Order, and misconstrues the scope of the undersigned's jurisdiction.  Reviewing the record in the light most favorable to Plaintiff, the record simply does not provide any basis for my recusal.[3]

---

[1] The undersigned issued an order staying discovery ("Stay Order") (DE 67), to which Plaintiff appeals. The appeal from the Stay Order is currently *sub judice* before Judge Gujarati (DE 71) along with Defendants' motion to dismiss (DE 79, 81 and 85).  Notwithstanding his opposition to the Stay Order, Plaintiff recently filed a letter with Judge Gujarati requesting the Court to "suspend all proceedings in this case until after the first of the year" due to illness (DE 90).

[2] This ruling is not intended to rule for or on behalf of Judge Gujarati to whom the formal motion to recuse (DE 72) was made.  Rather, since Plaintiff is *pro se*, the undersigned has construed his various informal applications and overtures asking for recusal, made in letters, as a formal motion to recuse.

[3] In his submissions, Plaintiff does not specify a statutory basis for his request that the undersigned be recused from this action; nor does Plaintiff otherwise contend with the applicable legal standards for

At the outset, this case was referred to the undersigned for all pre-trial purposes (*see* EDNY Local Civil Rules 72.2 ("reference to Magistrate Judge") and 72.1 ("powers of Magistrate Judge"). The consent of the parties is not necessary for the undersigned to conduct and rule upon pre-trial proceedings that are non-dispositive—matters which are well within the authority vest a United States Magistrate Judge. *See* 28 U.S.C § 636; *see also* Fed. R. Civ. P. 72; E.D.N.Y. Local Civil Rules 72.1, 72.2; *see, e.g.*, *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("As a matter of case management, a district judge may refer nondispositive motions . . . to a magistrate judge for decision without the parties' consent."). Accordingly, to the extent Plaintiff's application seeks recusal claiming the undersigned lacked jurisdiction or authority to rule on pre-trial matters, it is entirely without basis, unfounded in law and therefore denied.

Although no formal motion to recuse was filed before the undersigned, in light of the allegations contained on the docket in Plaintiff's filings, courts often interpret similar letters as motions for recusal. *See, e.g., Boatswain v. United States*, No. 10-CV-711, 2010 WL 3521917, at *1 (E.D.N.Y. Sept. 1, 2010) ("The Court will construe the Petitioner's letter as a recusal motion."); *Shenk v. Soc. Sec. Admin.*, No. 12-CV-4370 SLT, 2012 WL 5196783, at *6 (E.D.N.Y. Oct. 19, 2012) ("Although Plaintiff has never specifically requested that this Court recuse itself, this Court will, in an abundance of caution, construe Plaintiff's letter to Chief Judge Amon as a motion for recusal"); *Flemming v. City of New York*, No. 02-CV-6613 (SLT) (LB), 2006 WL 898081, at *6 (E.D.N.Y. Mar. 31, 2006) ("Based on Plaintiff's *pro se* status, his complaint of Judicial Misconduct, and the letters to this Court from Plaintiff accusing the Court of failing to afford him leniency as a *pro se* party . . . the Court will treat these submissions a motion for recusal . . . .").

---

recusal. In light of Plaintiff's *pro se* status, however, and as discussed more fully below, the Court has considered whether recusal is warranted pursuant to 28 U.S.C. § 455.

Turning to the applicable legal standard for judicial recusal, the Court is guided by resort to 28 U.S.C. § 455(a).  Under section 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness—whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'"  *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir.), *cert. denied*, 555 U.S. 1038 (2008).  "Recusal motions are committed to the sound discretion of the district court."  *Shenk*, 2012 WL 5196783, at *7.

Requests to have a judge recused are serious requests and must be treated as such.  The integrity of the judicial system is at stake.  *See Lamborn v. Dittmer*, 726 F. Supp. 510, 515 (S.D.N.Y. 1989) ("Recusal motions are serious matters . . . not strategic devices to judge shop.")  Indeed, it is just as important for a judge *not* to recuse when no grounds exist as it is to recuse when grounds do exist.  *See Shenk*, 2012 WL 5196783, at *7.  Otherwise, the public's trust, faith and confidence in the judicial system could be severely compromised and placed at great risk.  So, in considering the factors in deciding whether to recuse, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case."  *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).  This is because "[l]itigants are entitled to an unbiased judge; not to a judge of their choosing."  *Id.*  "Movants must overcome a presumption of impartiality, and the burden for doing so is 'substantial.'"  *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004).

It is worth noting that sometimes motions for recusal are used as tools by litigants to achieve a tactical advantage when unhappy with rulings of the particular judge. *See, e.g., In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1309 (2d Cir. 1988) (describing baseless recusal motions as "an additional and potent tactical weapon in the skilled practitioner's arsenal"). Indeed, seeking a judge's recusal simply because a litigant is unhappy with a judge's ruling or case management—in other words, judge-shopping—is insufficient grounds to warrant recusal. *See In re Aguinda*, 241 F.3d 194, 206 (2d Cir. 2001); *see also Watkins v. Smith*, 561 F. App'x 46, 47 (2d Cir. 2014) (dissatisfaction with district court's rulings and case management decisions is no basis for recusal). When made, such tactical motions can have serious consequences. *See Watkins v. Smith*, 561 F. App'x 46, 47 (2d Cir. 2014) (imposing sanctions on the plaintiff for having such frivolous grounds as a foundation for a motion to recuse); *see also In re Olsen*, 358 B.R. 609, 625 (Bankr. S.D.N.Y. 2007) (finding a motion for recusal sanctionable because it was "filed for an improper purpose.")

As then-District Judge Joseph F. Bianco observed:

> The Supreme Court has made clear that judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Unfavorable rulings may constitute a valid basis for recusal if they show reliance upon an extrajudicial source and do constitute a valid basis if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. Judicial rulings can only in the rarest of circumstances evidence the requisite degree of favoritism.

*Harrison v. County of Nassau*, No. 15-CV-2712 (JFB) (AKT) (E.D.N.Y. Sept. 24, 2018) (internal citations and quotation marks omitted).

Here, the undersigned has an obligation to prevent such judge-shopping behavior. *See McCann v. Commc'ns Design Corp.*, 775 F. Supp. 1506, 1508–09 (D. Conn. 1991) ("Where there is no basis for recusal other than a litigant's unhappiness with a judge's decisions, the presiding judge has an obligation to prevent 'judge shopping' by refusing to recuse himself.") Considering

the circumstances and submissions on the docket to date, the undersigned does not find any facts or grounds that exist to warrant the undersigned's recusal.  There is simply no argument advanced or support in the record that indicates that I harbor any "personal bias or prejudice" concerning any party to this action or that any other factor would suggest my impartiality in this case is questioned.  The only argument that can be discerned from the filings is that Plaintiff is indeed unhappy with the rulings to date.[4]  That, standing alone, is insufficient.

## II.  CONCLUSION

Accordingly, for the foregoing reasons, to the extent Plaintiff's filings request the undersigned to recuse himself, those applications are  denied.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

Dated: December 19, 2022
        Central Islip, New York

                                        **SO ORDERED:**

                                        /s/ *James M. Wicks*
                                        JAMES M. WICKS
                                        United States Magistrate Judge

---

[4] This unhappiness is particularly misplaced since the undersigned has in fact ruled in Plaintiff's favor on certain applications (*see, e.g.*, Electronic Orders dated Sept. 9, 2022).