UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Anthony Conte,

                Plaintiff,　　　　　**MEMORANDUM & ORDER**
　　　　　　　　　　　　　　　　　　22-CV-03109 (DG) (JMW)
      -against-

Tapps Supermarket, Inc., Anthony C. Conte,
Paul S. Conte, Pasquale Conte, Jr., The Estate of
Pasquale Conte, Sr., Anthony Bileddo, Seven Seas
Partners, Inc., Feder Kaszovitz LLP,

                Defendants.
---------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      On December 5, 2022, Defendant Anthony Bileddo filed a Motion to Dismiss *pro se* Plaintiff Anthony Conte's Amended Complaint, ECF No. 19, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").  *See* ECF No. 79.  Also on December 5, 2022, Defendants Tapps Supermarket, Inc., Anthony C. Conte, Paul S. Conte, Pasquale Conte, Jr., The Estate of Pasquale Conte, Sr., Seven Seas Partners, Inc., and Feder Kaszovitz LLP (collectively, the "Non-Bileddo Defendants," and together with Defendant Bileddo, "Defendants") filed a Joint Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6).  *See* ECF No. 85.  Plaintiff did not file an opposition to either motion to dismiss.  *See generally* docket.[1]

      On July 3, 2023, Magistrate Judge James M. Wicks issued a thorough, well-reasoned Report and Recommendation ("R&R") that, notwithstanding Plaintiff's failure to file an opposition to either motion to dismiss, rigorously analyzed the merits of Defendants' various

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

arguments. *See generally* R&R, ECF No. 97. The R&R recommended that Defendants' motions to dismiss be granted and that Plaintiff's Amended Complaint be dismissed with prejudice. *See* R&R at 3, 34 & n.7. Specifically, the R&R recommended that the Court find that Plaintiff's claims are barred by the applicable statutes of limitations and that equitable tolling is not warranted. *See* R&R at 15-19. The R&R further recommended that, in the event the Court disagrees with the recommendations that the applicable statutes of limitations bar Plaintiff's claims and that equitable tolling does not apply, the Court grant the motions to dismiss based on alternative grounds, including judicial estoppel. *See* R&R at 20-28, 30-34 (discussing judicial estoppel and other grounds for dismissal).[2]

On August 17, 2023, Plaintiff filed his objections to the R&R. *See* Plaintiff's Objection to R&R ("Pl.'s Obj. Br."), ECF No. 102. In his objections briefing, Plaintiff (1) objects "in totality" to the R&R, largely based on Plaintiff's views about the scope of Judge Wicks's authority; (2) raises various other objections to specific portions of the R&R; (3) expresses dissatisfaction with various actions taken – or not taken – by Judge Wicks and/or the undersigned over the course of the litigation of this action; and (4) seeks leave to amend. *See generally* Pl.'s Obj. Br.[3]

---

[2] In the R&R, Judge Wicks also recommended that the Court deny Plaintiff's request for appointment of an attorney. *See* R&R at 11-12.

[3] Among Plaintiff's objections is an objection to Judge Wicks's recommendation that the Court deny Plaintiff's request for appointment of an attorney. *See* Pl.'s Obj. Br. at 8. Plaintiff's request for appointment of an attorney – which request Plaintiff "repeats" in his objections briefing, *see* Pl.'s Obj. Br. at 8 – is denied. *See* R&R at 12 (noting, *inter alia*, that civil litigants do not have a constitutional right to counsel).

In his objections briefing, Plaintiff also references that the R&R was issued prior to the July 27, 2023 issuance of the mandate by the United States Court of Appeals for the Second Circuit dismissing Plaintiff's interlocutory appeal of Judge Wicks's denial of Plaintiff's motion for recusal of Judge Wicks. *See* Pl.'s Obj. Br. at 7; *see also* ECF No. 92 (order denying motion for recusal); ECF No. 95 (notice of appeal); ECF No. 101 (mandate). Plaintiff's interlocutory

On August 29, 2023, Defendant Bileddo filed a response to Plaintiff's objections to the R&R, arguing, *inter alia*, that Plaintiff, who "did not submit or prepare any opposition to the motions to dismiss," "has no foundation to object" to the R&R's recommendation to grant dismissal; that Plaintiff's objections "are more in the nature of groundless attack on the Magistrate Judge rather than substantive objection to the [R&R];" that "[w]here plaintiff states an objection not in the nature of invective, it is tangential to the arguments raised in the motions to dismiss;" and that Plaintiff "raises no specific objection to the recommendation of dismissal of the claims against the individual defendant Anthony Bileddo."  *See generally* ECF No. 103.

On August 30, 2023, the Non-Bileddo Defendants filed a response to Plaintiff's objections to the R&R, arguing, *inter alia*, that "Plaintiff has presented no valid argument as to why the Court should reject or modify the R&R in any way;" that, in his objections, "Plaintiff makes irrelevant, conclusory, and meritless allegations . . . without substantively addressing the grounds upon which the Magistrate Judge held the [Amended Complaint] legally deficient;" that the R&R "is correct as a matter of law;" and that the Court's review of the R&R should be for clear error but that even if the Court were to review the R&R *de novo*, the Court should adopt the R&R in full.  *See generally* ECF No. 105.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C.

---

appeal did not deprive Judge Wicks of jurisdiction here.  *See* ECF No. 101 (stating that the United States Court of Appeals for the Second Circuit "has determined sua sponte that it lacks jurisdiction over this appeal because the district court has not issued a final order as contemplated by 28 U.S.C. § 1291," and dismissing appeal).

3

§ 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022). To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

In light of Plaintiff's objections to the R&R, which the Court liberally construes, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and out of an abundance of caution, the Court reviews *de novo* the R&R. A review of the R&R, the record, and the applicable law reveals that Judge Wicks properly concluded that Plaintiff's claims should be dismissed as barred by the applicable statutes of limitations, with equitable tolling not being warranted; that additional grounds as set forth in the R&R also support dismissal of the Amended Complaint; and that the Amended Complaint should be dismissed with prejudice. The Court therefore adopts the R&R.

Accordingly, Defendants' Motions to Dismiss, ECF Nos. 79 and 85, are GRANTED and Plaintiff's Amended Complaint, ECF No. 19, is DISMISSED with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment accordingly, mail a copy of this Order to Plaintiff, and close this case.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: September 20, 2023
       Brooklyn, New York